JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, CA 94102
    Telephone: 415.436.7303
    Facsimile:  415.436.6748
    Email: david.countryman@usdoj.gov

Attorneys for United States of America

ORIGINAL FILED
MAY 2 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> APPROXIMATELY $133,900 IN UNITED STATES CURRENCY; APPROXIMATELY $45,588.69 IN UNITED STATES CURRENCY; AND ONE 2007 HARLEY DAVIDSON MOTORCYCLE, VIN 1HD1FC4377Y699243, <br><br> Defendant. | CV 08- No. 08- MHP <br><br> COMPLAINT FOR FORFEITURE |

In this *in rem* forfeiture action, the United States alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under Title 28, United States Code, Sections 1345 and 1355(a); Title 21, United States Code, Section § 881(a)(6); Title 18, United States Code, Section 981(a)(1)(A); and Title 31, United States Code, Section 5317(c)(2).

2. This action is timely filed in accordance with Title 18, United States Code, Section 983(a)(3)(A).

3. Venue in this Court is proper because defendant property was seized in the

Northern District of California. 28 U.S.C. §§ 1355(b) and 1395.

2.  Intra-district venue is proper in the San Francisco Division.

## PARTIES

5.  Plaintiff is the United States of America.

6.  Defendants are approximately $133,900 in United States Currency ("defendant $133,900"); approximately $45,588.69 in United States Currency ("defendant $45,588.69"); and one 2007 Harley Davidson motorcycle, bearing vehicle identification number 1HD1FC4377Y699243 ("defendant motorcycle," collectively the "defendant property").

## FACTS

### A. Prior Seizure

7.  On or about December 19, 2007, DEA Task Force agents examined nine Federal Express parcels that had been administratively opened by Federal Express and found to contain a large amount of U.S. Currency. The recipient listed on all nine packages was Chuck McFarland, 120 Leslie Street, Ukiah, CA, and the packages were sent from two fictitious addresses.

8.  Inside the parcels, Task Force agents discovered approximately 37 vacuum-sealed bundles of U.S. Currency packed inside of Igloo lunch coolers and plastic bags. Agents conducted a search with certified narcotics detection canines, and the canines made a positive alert at each of the suspect parcels.

9.  Task Force agents contacted Special Agent ("S/A") Peter Hoyle with the Mendocino Major Crimes Task Force ("MMCTF") and informed him of the suspicious parcels. S/A Hoyle had prior information from a confidential source that multiple pounds of marijuana had been purchased from 120 Leslie Street, Ukiah, CA, from a guy named "Chuck."

10. Task Force agents seized the currency and had it converted to a cashier's check in the amount of $184,900. The $184,900 was not claimed and was administratively forfeited.

### B. Seizure of Defendant $133,900

11. On or about December 21, 2007, the MMCTF executed a state search warrant for a business, a purple motor home, and any vehicles located at 120 Leslie St., Ukiah.

Complaint for Forfeiture
No. 08-                           2

12. Prior to searching the motor home, S/A Peter Hoyle and Sonoma County Sheriff's Deputy Andy Cash interviewed the property owner, Charles McFarland. During the interview, McFarland stated that he'd been approached by a person known to him as "Alex." Alex asked him to receive packages, keep the packages until notified, and then give the packages to whomever arrived at his business.

13. McFarland stated that knew that loads containing forty or more pounds of marijuana were being shipped out of California by automobile.

14. McFarland stated that after the loads left Ukiah, he would receive a telephone call from Alex telling him to expect a package. Within days, McFarland would receive packages containing money.

15. McFarland said he normally received eight to ten packages at a time, and each package normally contained slightly less than $10,000. McFarland explained that each package contained less than $10,000 to avoid banking regulations.

16. McFarland said that he would open the packages, remove 30% as a fee, and wait for someone to show up or telephone him to pick up the money.

17. S/A Hoyle asked when McFarland had last received a package. McFarland said that he'd received approximately eight packages about three weeks before.

18. S/A Hoyle asked McFarland if the money had been picked up, and McFarland said "no." McFarland said that $90,000 was waiting to be picked up, another $40,000 was his profit from a prior shipment, and a smaller amount of money was in his underwear drawer.

19. S/A Hoyle and Deputy Cash entered the motor home with McFarland, and McFarland showed them a black nylon bag in his bedroom. McFarland said the bag contained $90,000. The bag contained approximately $90,100 in U.S. Currency packaged in vacuum-sealed bundles, which was seized and constitutes a portion of defendant $133,900.

20. While in the bedroom, McFarland pointed out a plastic bag in a drawer containing underwear that he thought contained between $3,000 and $4,000. Approximately $3,800 in U.S. Currency was seized and constitutes a portion of defendant $133,900.

Complaint for Forfeiture
No. 08-                                             3

1  21. McFarland then showed S/A Hoyle and Deputy Cash a hidden compartment above the sink in the kitchen from which he removed a shopping bag containing U.S. Currency. McFarland said there was $40,000 in the bag. Approximately $40,000 in U.S. Currency was seized from the bag and constitutes a portion of defendant $133,900.

**C.  Interview**

22. Later that day, Deputy Cash and S/A Hoyle conducted a videotaped interview with McFarland.

23. McFarland confirmed that a drug trafficking organization would send him marijuana proceeds, and he would hold the proceeds until someone picked them up.

24. McFarland stated that he took 30% to 40% percent of the currency as payment, and he was paid a high percentage of the money because of the "risk involved."

25. McFarland told Deputy Cash and S/A Hoyle that during the week of November 10, 2007, he received approximately 12 parcels that contained approximately $120,000.

26. McFarland stated that he gave the currency to "the guys," and stored the $40,000 that was his share "up above the cupboard."

27. McFarland stated that around the week of December 2, 2007, he received approximately ten parcels that contained approximately $100,000.

28. McFarland stated that $90,000 of that money was in the duffle bag on his bed.

29. McFarland claimed that he had lost the other $10,000 the night before at a casino in Laughlin, NV.

30. McFarland stated that he had received four deliveries in the last four to five months, and he had made approximately $100,000, but he had lost approximately $60,000 to $70,000 gambling.

**D.  Seizure of Defendant $45,588.69**

31. During the search of the motor home, agents found bank account records in the name of Charles and Antonia McFarland DBA Mac Auto Repair.

Complaint for Forfeiture
No. 08-                                                  4

1  32.  The bank records showed 23 cash deposits from December 11, 2006, to
2  November 20, 2007, totaling $156,402, with no individual deposit exceeding $9,800. On several
3  occasions, multiple deposits of between $9,000 and $9,800 were made within days of each other.
4  33.  During the videotaped interview, Deputy Cash and S/A Hoyle asked McFarland
5  how much money he currently had in the bank. McFarland stated that he had approximately
6  $40,000.
7  34.  Agent Hoyle asked McFarland if his savings were from share of the drug
8  proceeds. McFarland said "I'd say two thirds of it, yeah."
9  35.  On December 24, 2007, MMCTF Investigator Andrew Alverado seized
10 $45,588.69 from the bank account pursuant to a state warrant. This amount constitutes defendant
11 $45,588.69.

12 **E.   Seizure of Defendant Motorcycle**

13 36.  The MMCTF seized defendant motorcycle from 120 Leslie St., Ukiah, pursuant
14 to the state search warrant.
15 37.  McFarland purchased defendant motorcycle with a single cash payment of
16 approximately $19,990 on or about April 26, 2007.
17 38.  The denomination of each bill was $50 or less.
18 39.  McFarland is not registered with the California Employee Development
19 Department ("EDD") as an employer and had no reported wages as of January 3, 2008.

20                              **FIRST CLAIM FOR RELIEF**
21                                   **21 U.S.C. § 881(a)(6)**
22                 **(forfeiture of drug proceeds and property traceable thereto)**

23 40.  The United States incorporates by reference the allegations in paragraphs one
24 through 39 as though fully set forth.
25 41.  Section 881(a)(6) of Title 21 of the United States Code, provides for the
26 forfeiture of all money furnished or intended to be furnished by any person in exchange for a
27 controlled substance or listed chemical in violation of Subchapter I, Chapter 13 of Title 21
28

Complaint for Forfeiture
No. 08-                                       5

1  United States Code, all proceeds traceable to such an exchange, and all money used or intended
2  to be used to facilitate any violation of Subchapter 1, Chapter 13 of Title 21 United States Code.
3      42.    In light of the foregoing, defendant $133,900, defendant $45,588.69, and
4  defendant motorcycle are subject to judicial forfeiture.

## SECOND CLAIM FOR RELIEF
## 18 U.S.C. § 981(a)(1)(A)
### (forfeiture of property involved in violation of 18 U.S.C. § 1956(a)(1) and 1957 - money laundering)

43. The United States incorporates by reference the allegations in paragraphs one through 42 as though fully set forth.

44. Title 18, United States Code, Section 981(a)(1)(A) provides, in part, for the forfeiture of any property, real or personal, involved in or traceable to a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 and 1957.

45. Title 18, United States Code, Section 1956(a)(1)(A)(i), prohibits a person from knowingly engaging or attempting to engage in a monetary transaction in criminally derived property from a specified unlawful activity, with the intent to promote the carrying on of a specified unlawful activity.

46. Title 18, United States Code, Section 1956(a)(1)(B)(i), prohibits a person from knowingly engaging or attempting to engage in a monetary transaction of property derived from a specified unlawful activity, with the intent to conceal or disguise the nature, location, source, ownership, or control the proceeds of a specified unlawful activity.

47. Title 18, United States Code, Section 1957(a), prohibits a person from knowingly engaging or attempting to engage in a monetary transaction in criminally derived property that has a value greater that $10,000 and is derived from a specified unlawful activity.

48. Title 21, United States Code, Section 841(a)(1) prohibits, in part, the distribution and possession with the intent to distribute a controlled substance. Section 841 is a specified unlawful activity under Title 18, United States Code, Sections 1956(c)(7)(A) and 1961.

1  49. Title 21, United States Code, Section 846 prohibits a person from attempting or
2  conspiring to distribute and possessing with the intent of distributing a controlled substance.
3  Section 846 is a specified unlawful activity under Title 18, United States Code, Sections
4  1956(c)(7)(A) and 1961.
5  50. In light of the foregoing, defendant $45,588.69 and defendant motorcycle, are
6  subject to judicial forfeiture.

### THIRD CLAIM FOR RELIEF

### 31 U.S.C. § 5317(c)(2)

### (forfeiture of property involved in violation of 31 U.S.C. § 5324 -structuring)

10  51. The United States incorporates by reference the allegations in paragraphs one
11  through 50 as though fully set forth.
12  52. Title 31, United States Code, Section 5317(c)(2) provides, in part, for the
13  forfeiture of any property, real or personal, involved in or traceable to any violation or conspiracy
14  to violate Title 31, United States Code, Section 5324.
15  53. Title 31, United States Code, Section 5324 prohibits, in part, causing or attempt
16  to cause a domestic financial institution to fail to file a report required under section Title 31,
17  United States Code, Sections 5313(a), 5325, and 5326, and any structuring, assistance in
18  structuring, attempt to structure or assist in structuring, with regard to any transaction with one or
19  more domestic financial institutions.
20  54. In light of the foregoing, defendant $45,588.69 and defendant motorcycle are
21  subject to judicial forfeiture.

22                    *    *    *    *    *

23  //
24  //
25  //
26  //
27  //
28  //

Complaint for Forfeiture
No. 08-                                    7

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of defendant $133,900, defendant $45,588.69, and defendant motorcycle; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment of forfeiture be entered; that the Court enter judgment forfeiting defendant $133,900, defendant $45,588.69, and defendant motorcycle; and that the United States be awarded such other relief as may be proper and just.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: May 21, 2008

STEPHANIE M. HINDS
Assistant United States Attorney

Assigned to: _____
AUSA D. Countryman

Complaint for Forfeiture
No. 08-                                        8

VERIFICATION

I, Peter Hoyle, state as follows:

1. I am a Special Agent with the Mendocino Major Crimes Task Force, United States Department of Justice, and am the case agent. As such, I am familiar with the facts, and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained in it to be true.

* * * * *

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19 day of May, 2008, in UKIAH, California.

*[signature: Peter Hoyle]*
PETER HOYLE
Special Agent
Mendocino Major Crimes Task Force