JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, CA 94102
    Telephone: 415.436.7303
    Facsimile:  415.436.6748
    Email: david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>APPROXIMATELY $133,900 IN UNITED STATES CURRENCY; APPROXIMATELY $45,588.69 IN UNITED STATES CURRENCY; AND ONE 2007 HARLEY DAVIDSON MOTORCYCLE, VIN 1HD1FC4377Y699243,<br><br>                Defendant. | No. 08-2606 MHP<br><br>SETTLEMENT AGREEMENT<br>AND ORDER |

The parties stipulate and agree as follows:

1. Plaintiff is the United States of America ("United States"). Defendants are approximately $133,900 in United States Currency ("defendant $133,900"); approximately $45,588.69 in United States Currency ("defendant $45,588.69"); and one 2007 Harley Davidson motorcycle, bearing vehicle identification number 1HD1FC4377Y699243 ("defendant motorcycle," collectively the "defendant property"). After proper notification and publication was given, the only person who filed a timely Claim in this action is claimant Charles McFarland. As a result, only claimant McFarland has a right to defend defendant property. The United States and claimant McFarland are hereafter referred to as the "parties" in this document

which is hereinafter referred to as the "Settlement Agreement" or "Agreement."

2. After full and open discussion, the parties agree to resolve any and all claims against defendant property, as well as against any and all past and present officials, employees and agents of the United States, including those at the United States Department of Justice, arising out of the seizure of defendant property and the facts alleged in the Complaint for Forfeiture filed on or about May 22, 2008.

3. The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Agreement in lieu of continued protracted litigation and District Court adjudication.

4. The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

5. This settlement is a compromise over disputed issues and does not constitute any admission of wrongdoing or liability by any party.

6. The parties agree that claimant McFarland releases and discharges the United States, as well as any past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the seizure of defendant property and the allegations in plaintiff's Complaint for Forfeiture, filed on May 22, 2008.

7. Claimant McFarland does not contest that the United States has sufficient evidence to support the forfeiture of defendant property. In order to resolve this case without the expense of further litigation, however, the parties have agreed that defendant $133,900 and defendant $45,588.69 shall be forfeited to the United States and that defendant motorcycle shall

Settlement Agreement & Order
No. 08-2606 MHP                    2

be returned to claimant Charles McFarland. The return of defendant motorcycle shall be in full settlement and satisfaction of any and all claims by claimant McFarland, his heirs, representatives and assignees to defendant property.

    8.    Claimant McFarland shall hold harmless the United States, including its agents, officers, representatives and employees, as well as any and all state and local law enforcement officials, for any and all acts directly or indirectly related to the seizure of defendant property, the facts alleged in the Complaint for Forfeiture and the forfeiture of defendant $133,900 and defendant $45,588.69.

    9.    The United States and Claimant agree that each party shall pay its own attorneys' fees and costs.

    10.    Based on the foregoing Settlement Agreement between the United States, claimant McFarland, the Parties agree that, subject to the Court's approval, this action be and hereby is DISMISSED and that the proposed JUDGMENT OF FORFEITURE which is submitted with this Settlement Agreement be entered.

IT IS SO STIPULATED:

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: August 25, 2008

_____
DAVID COUNTRYMAN
Assistant United States Attorney

Dated: August 20, 2008

_____
ANN MOORMAN
Attorney for Claimant Charles McFarland

Dated: August 19, 2008

_____
CHARLES McFARLAND
Claimant

BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS ____ DAY OF August 27, 2008.



_____
HONORABLE MARILYN H. PATEL
United States District Judge

IT IS SO ORDERED
Judge Marilyn H. Patel

Settlement Agreement & Order
No. 08-2606 MHP

3